UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYRELL TOLBERT,** | Civil Action No. 24-10117 (RK JTQ) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **ATLANTIC COUNTY JUSTICE FACILITY, et al.,** | |
| **Defendants.** | |

Plaintiff Tyrell Tolbert, a pretrial detainee currently incarcerated at Atlantic County Justice Facility, has filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* ("IFP application"). As this time, the Court grants the IFP application.

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). To survive screening, Plaintiff's Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.* Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

In his Complaint, Plaintiff alleges that there is limited running water for flushing the toilet at Atlantic County Justice Facility and, as a result, there is feces and urine in the toilet for 12 hours per day. (Complaint at 5.) Plaintiff is also housed in a unit with "tints" on the windows, which prevents him from receiving "proper sunlight." (*Id.*) Plaintiff has sued the Atlantic County Justice

Facility and the Michael Kelly, the Warden of that facility, for subjecting him to "cruel and unusual punishment." (*Id.* at 1, 4-5.)

The Court construes Plaintiff to assert violations of his civil rights pursuant to 42 U.S.C. § 1983. To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right. *See, e.g., Moore v. Tartler*, 986 F. 2d 682, 685 (3d Cir. 1983).

From the outset, the Court dismisses the Complaint against the Atlantic County Justice Facility, as this entity is not a proper Defendant in a § 1983 action. *See Crooks v. Passaic Cnty. Sheriff's Department/Jail*, 2007 WL 923330, at *2 (D.N.J. Mar. 26, 2007) (collecting cases). The § 1983 claims against the Atlantic County Justice Facility are dismissed <u>with prejudice.</u>

To the extent Plaintiff is attempting to allege § 1983 claims against Atlantic County arising from his conditions of confinement, he fails to state a claim for relief. The liability of a municipality under 42 U.S.C. § 1983 is governed by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Municipalities may not be found vicariously liable under the doctrine of respondeat superior. *Ed. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Instead, a plaintiff must plead the elements of a *Monell* claim, which may proceed in two different ways. *See, e.g., Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019) (describing the two types of municipal liability). A plaintiff may allege that an unconstitutional policy or custom of the municipality led to his or her injuries, *id.* at 798 (citing *Monell*, 436 U.S. at 694), or that his injuries were caused by a failure or inadequacy by the municipality that "reflects a deliberate or conscious choice," *see id.* (internal quotation marks omitted) (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)); *see also Forrest v. Parry*, 930 F.3d 93, 105

(3d Cir. 2019) (explaining that the second type of *Monell* claim involves failures to train, supervise, or discipline).

Here, Plaintiff has sued the jail and the Warden for discrete conditions at the jail, but he has not attempted to plead the elements of a *Monell* claim against Atlantic County.[1] Thus, to the extent he is attempting to allege a *Monell* claim against Atlantic County, the Court dismisses that *Monell* claim without prejudice for failure to state a claim for relief.

Plaintiff also fails to state a claim for relief against Michael Kelly in his personal capacity as a supervisor. To be held liable under § 1983, a supervisor must have had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d

---

[1] To state a claim under *Monell*, Plaintiff must allege facts showing that there is a relevant policy or custom adopted by Atlantic County and that the policy or custom resulted in the alleged constitutional violation(s). *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Brown*, 520 U.S. at 404). "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009); *see also Forrest*, 930 F.3d at 105 ("a plaintiff presenting an unconstitutional policy must point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject"). Once a policy or custom is identified, a plaintiff must also allege facts stating a plausible connection between the policy and the alleged constitutional harm. *See Palakovic v. Wetzel* 854 F.3d 209, 232 (3d Cir. 2017) ("To state a claim against a private corporation providing medical services under contract with a state prison system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue."). Finally, to proceed on a *Monell* theory, a plaintiff must typically allege a pattern of similar past conduct to show that the entity was on notice that the policy or custom caused the alleged violation. *See, e.g., Schlaybach v. Berks Heim Nursing & Rehabilitation*, 839 F. App'x. 759, 760 (3d Cir. 2021). Alternatively, Plaintiff could state a *Monell* claim against Atlantic County by alleging a failure to supervise, train, or discipline, and he must provide facts showing that the failure amounts to deliberate indifference to the constitutional rights of those affected. *Forrest*, 930 F.3d at 106.

307, 316 (3d Cir. 2014), reversed on other grounds by *Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'"[2] *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Here, Plaintiff alleges only that Michael Kelly, as the Warden, is responsible for authorizing the cruel and unusual punishment at the Atlantic County Justice Facility. These facts are conclusory and insufficient to show Kelly's personal involvement in the alleged wrongs. Therefore, Plaintiff fails to state a claim for relief against Kelly, and the Complaint is dismissed without prejudice as to this Defendant.

Moreover, Plaintiff fails to state a § 1983 claim regarding his conditions of confinement at the jail. The Constitution requires "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In addition,

---

[2] "[T]o hold a supervisor liable. . . for their deficient policies. . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). Deliberate indifference in the supervisory context may be demonstrated by "(i) showing that a supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiffs', or (ii) by showing that the risk of constitutionally cognizable harm was 'so great and so obvious that the risk and the failure of supervisory officials to respond will alone' support the finding that the two-part test is met." *Beers-Capitol*, 256 F.3d 136-37 (citing *Sample*, 885 F.2d at 1099).

prison officials "must take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotation mark omitted) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *see also Duran v. Merline*, 923 F.Supp.2d 702, 719 (D.N.J. 2013) (explaining that the Constitution mandates that prison officials satisfy inmates' "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety") (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993)).

To establish a basis for a Fourteenth Amendment violation, a pretrial detainee must allege that his conditions of confinement amount to punishment.[3] *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). Only conditions of confinement that "cause [detainees] to endure genuine privations and hardship over an extended period of time" violate due process. *Bell*, 441 U.S. at 542. Additionally, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017). Courts should consider the totality of the circumstances in evaluating such a claim. *Bistrian*, 696 F.3d at

---

[3] Although Plaintiff refers to "cruel and unusual punishment," the Eighth Amendment applies after an inmate has been convicted and sentenced for his crimes. *See Bistrian*, 696 F.3d at 367, abrogated on other grounds by *Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020). The Fourteenth Amendment's Due Process Clause entitles a pretrial detainee "at a minimum, to no less protection than a sentenced inmate is entitled to under the Eighth Amendment." *Id.* (citing *Fuentes v. Wagner*, 206 F.3d 335, 341-42 (3d Cir. 2000)).

373 ("In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution."). That analysis turns on the severity and duration of those conditions.[4] *See, e.g., Helling*, 509 U.S. at 35 (holding that inmates should not be "expose[d] to [contaminants] that pose an unreasonable risk of serious damage to his future health"); *Hubbard v. Taylor*, 538 F.3d 229, 236 (3d Cir. 2008) (considering the degree of prison overcrowding that violates the Fourteenth Amendment and finding that pretrial detainees did not have a clearly-established right to avoid triple-celling or mattresses on the floor); *Fontroy v. Owens*, 150 F.3d 239, 244 (3d Cir. 1998) (considering deliberate indifference claim based on asbestos exposure in prison); *Martin v. Gearhart*, 712 F. App'x. 179, 187 (3d Cir. 2017) (finding that sustained exposure to human waste can state a claim for relief under § 1983 but that exposures of "limited severity and duration" do not violate the Constitution); *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) (explaining that the factors relevant to claims based on low cell temperature, are "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold").

Here Plaintiff's Complaint is exceedingly brief and contains few facts. Plaintiff provides no facts about the duration of the water shortage or his proximity to the toilet. He also fails to provide sufficient facts about the tinted windows and whether he has access to the outdoors or sunlight in other areas of the jail. As such, he has not adequately pleaded that his conditions of confinement amount to punishment.

---

[4] If Plaintiff submits an amended complaint, he should provide additional facts about the severity and duration of the conditions he personally endured.

For all the reasons explained herein, the Complaint is dismissed with prejudice as to the Atlantic County Justice Facility and without prejudice as to Atlantic County and Michael Kelly. The Court will permit Plaintiff to submit an Amended Complaint to the extent he can provide facts to cure the deficiencies in his claims. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (holding that in civil rights cases, the Court must allow amendment, unless doing so would be inequitable or futile). Because it is conceivable that Plaintiff can cure the deficiencies in the claims against Atlantic County and Michael Kelly, Plaintiff may submit an Amended Complaint and a request to reopen this matter within 45 days of the date of this Memorandum and Order.[5] An appropriate Order follows.

ROBERT KIRSCH
United States District Judge

---

[5] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. *Id.*